1 | FAEGRE DRINKER BIDDLE REATH LLP
PAUL A. ROSENTHAL (SBN 338994)
2 | paul.rosenthal@faegredrinker.com
600 Campus Drive
3 | Florham Park, New Jersey 60606
Telephone:    (973) 564-7030
4 | Facsimile:    (973) 360-9831

5 | FAEGRE DRINKER BIDDLE & REATH LLP
Alyssa S. Wolf (SBN 337162)
6 | alyssa.wolf@faegredrinker.com
Four Embarcadero Center, 27th Floor
7 | San Francisco, California  94111
Telephone:    +1 415 591 7500
8 | Facsimile:    +1 415 591 7510

9 | Attorneys for Defendant
EPIC GAMES INC.
10 |

11 |                 UNITED STATES DISTRICT COURT

12 |              NORTHERN DISTRICT OF CALIFORNIA

13 |

14 | S.G., by and through their guardian SIRREON    |    Case No. 3:25-cv-2254
GOODSON, individually and on behalf of all
15 | others similarly situated,    |    Hon. Rita F. Lin

16 |              Plaintiff,    |    **DECLARATION OF PAUL A. ROSENTHAL**

17 |        v.

18 | EPIC GAMES, INC.,

19 |              Defendant.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

AEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF PAUL A. ROSENTHAL

Case No. 3:25-CV-2254

I, Paul A. Rosenthal, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and this Court. I am a partner of the law firm Faegre Drinker Biddle & Reath LLP and counsel for defendant Epic Games, Inc. ("Defendant" or "Epic Games") in the above-captioned matter.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto.

**I.      The Initiation of Plaintiff's Dispute.**

3.      On October 17, 2024, Plaintiff's counsel mailed a notice of dispute to Epic Games on behalf of S.G., by and through their guardian Sirreon Goodson ("Plaintiff").

4.      The notice of dispute identified Plaintiff as a "minor" "at the time of [their] engagement with Fortnite" who may "disaffirm any agreements made." The notice of dispute also purported to initiate deceptive trade practices claims against Epic Games.

5.      The notice of dispute included certain information that purported to identify Plaintiff's Epic Games account, including a screen name, S.G.'s full name, and Plaintiff's address.

6.      A true and correct copy of the October 17, 2024 notice of dispute is attached hereto as **Exhibit A**. This letter has been redacted to protect the identity of the minor Plaintiff.

7.      On November 14, 2024, one of my partners emailed Plaintiff's counsel to inform them that the screen name provided for S.G. did not link to any *Fortnite* player account. The email requested the screen name, account identifier, and additional information regarding how and when the account in question was created. The email also requested that Plaintiff's counsel confirm whether Epic Games' initial inquiry into identifying what it believed to be the relevant player account was correct.

8.      On November 21, 2024, Plaintiff's counsel responded that they would look into the questions posed by Epic Games.

9.      On November 26, 2024, Plaintiff's counsel responded that they were "working on . . . [confirming] the account ID" for S.G.'s account. Plaintiff's counsel represented that they would provide this information "by the end of [that] week."

10.     Plaintiff's counsel did not provide any further response or any of the requested

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
DECLARATION OF PAUL A. ROSENTHAL

Case No. 3:25-CV-2254

1    account information for S.G.

2        11.    A true and correct copy of relevant portions of the email chain between counsel for

3    Epic Games and Plaintiff's counsel is attached hereto as **Exhibit B**. It has been redacted to protect

4    the identity of the minor Plaintiff.

5    **II.    S.G.'s Purported Opt-Out of the December 17, 2024 EULA.**

6        12.    Several months after Plaintiff's counsel initiated the present dispute on behalf of

7    Plaintiff, Epic Games received a letter dated January 15, 2025 from another law firm. Attached to

8    the letter was a list of names and other information pertaining to people the attorney identified as

9    having accepted a new version of the EULA that Epic Games published on December 17, 2024,

10   and who wished to opt out of that new version of the EULA.

11       13.    The January 2025 letter provided Sirreon Goodson's name (as S.G.'s guardian), the

12   full name of S.G., their mailing address, and an Epic Games account name.

13       14.    As explained further in an accompanying declaration, the screen name provided by

14   this attorney with respect to S.G. did not match S.G.'s account (or any other Epic Games account).

15       15.    A true and correct copy of the letter and relevant portions of the January 15, 2025

16   letter is attached as **Exhibit C**. This letter has been redacted to protect the identity of the minor

17   Plaintiff and other individuals not involved in this present dispute.

18       I declare under penalty of perjury that the foregoing is true and correct.

19       Executed this 27th day of May, 2025, at Florham Park, New Jersey

20

21

22                               PAUL A. ROSENTHAL

23

24

25

26

27

28

3

DECLARATION OF PAUL A. ROSENTHAL

Case No. 3:25-CV-2254

# EXHIBIT A

THE
# HODA LAW FIRM, PLLC

---

3120 SOUTHWEST FWY, STE 101, PMB 51811    O. (832) 848-0036
HOUSTON, TX 77098                        MARSHAL@THEHODALAWFIRM.COM

October 17, 2024

**VIA CERTIFIED MAIL**
Epic Games, Inc.
Legal Department
ATTN: NOTICE OF DISPUTE
2474 Walnut Street, Box 254
Cary, North Carolina 27518

RECEIVED
OCT 2 4 2024
Epic Legal Department

**Re:      Notice of Dispute**

To whom it may concern:

We represent S█████ G███████ a minor child, through his father and next friend Sirreon Goodson. We are transmitting this Notice of Dispute pursuant to your dispute resolution procedures.

S█████ G███████ at the time of his engagement with Fortnite, was a minor and, under applicable laws, may disaffirm any agreements made. He intends to proceed with claims regarding deceptive trade practices conducted by Epic Games. The resolution we seek is for Epic Games to acknowledge that S█████, as a minor, is not bound by the arbitration provisions of the Fortnite End User License Agreement. Furthermore, we request that Epic Games agree that even if S█████ were bound by the agreement, any

obligations arising under it are no longer applicable due to his disaffirmance.

The account name S███ used while playing Fortnite is: m███████ S████'s address is ████████████ ███████████████████████ He and his father can be contacted through my firm at the phone number or email address below.

Please contact us to discuss this matter further or to reach a resolution. If we do not hear from you within the required timeframe, we will proceed with arbitration or litigation as necessary.

Sincerely,

*M Hoda*

MARSHAL J. HODA, ESQ.
ATTORNEY & FOUNDER
THE HODA LAW FIRM, PLLC
OFFICE: 832-848-0036
MARSHAL@THEHODALAWFIRM.COM

# EXHIBIT B

| | |
|---|---|
| **From:** | Marshal Hoda |
| **To:** | Jacobson, Jeffrey S. |
| **Subject:** | Re: ███████ /G██████ claims |
| **Date:** | Tuesday, November 26, 2024 10:38:28 AM |

**This Message originated outside your organization.**

Mr. Jacobson,

We are working on getting you a confirmation on the account ID for the G██████ account.

Our present dispute with Epic is limited to the disaffirmance by the minor children of any agreements with Epic to the extent such agreements exist. We would be willing to settle with Epic by signing a separate agreement stating, in sum and substance, that to the extent any agreement existed between Epic and the minor children, those agreements are disaffirmed.

I will put together a draft of the agreement we are looking for and send to you by email, hopefully along with the account ID confirmation, as soon as possible. I should be able to do so by the end of this week.

Best,
Marshal Hoda
Attorney & Founder
The Hoda Law Firm, PLLC

**From:** Marshal Hoda <marshal@thehodalawfirm.com>
**Date:** Thursday, November 21, 2024 at 9:28 AM
**To:** Jacobson, Jeffrey S. <jeffrey.jacobson@faegredrinker.com>
**Subject:** Re: ██████ /G██████ claims

Mr. Jacobson,

I apologize for the delay here. I must have archived your message unintentionally, I just came across it by chance while searching for something

else.

I'll get into this and get back to you by Monday.

Best,
Marshal Hoda
Attorney & Founder
The Hoda Law Firm, PLLC

---

**From:** Jacobson, Jeffrey S. <jeffrey.jacobson@faegredrinker.com>
**Date:** Thursday, November 14, 2024 at 6:26 AM
**To:** Marshal Hoda <marshal@thehodalawfirm.com>
**Subject:** ████████ G██████ claims

Dear Mr. Hoda,

I will be representing Epic Games, Inc., in connection with the Notices of Dispute you sent on behalf of your clients S█████ G████████, ██ and ██████████.

Epic Games is considering your position that Messrs. G██████ and ██████ have the right to disaffirm the *Fortnite* End User License Agreement ("EULA") and thereafter to pursue deceptive trade practices claims against Epic Games in court that the EULA otherwise would require them to pursue in arbitration. So that Epic Games may evaluate your position, may I ask you to please provide some additional information about your clients' accounts?

S█████ G████████: The screen name you provided for Mr. G██████, m████████████, did not link up to any *Fortnite* player accounts. Epic Games used other information you provided to locate an account it believes may be associated with Mr. G██████. The last four characters of the account ID we identified are "0b03" and this account has accessed Fortnite on both a Switch and an Xbox. Is this the correct account for Mr. G██████? If you or your clients need help finding their account IDs, the following link may be useful:
https://www.epicgames.com/help/en-US/c-Category_EpicAccount/c-AccountSecurity/what-is-an-epic-account-id-and-where-can-i-find-it-a000084674

██████████ Your letter stated that ████████ used two screen names, and we found accounts associated with both those screen names. The last four characters of the account ID matching the ██████████ screen are █████ The last four characters of the account ID matching the screen name ████████████ are █████ Although we are confident these are the correct accounts, can you please confirm this?

If these are not the correct account IDs for your clients, can you please provide their account IDs (using the link I provided above to obtain them, if necessary)?

It would also assist us in evaluating your position about disaffirmance if you can provide additional information about how and by whom these accounts were created. Epic Games requires persons creating accounts to enter a birth date. When all three of these accounts were created, the person who created them entered a birth date showing that person to be an adult. Two of the accounts have no name registered. The third has a registered name of ██████████, whom your letter about ██████ identified as his parent.

Additionally, although your letters said that your clients seek to litigate deceptive trade practice claims against Epic Games, you did not specify your clients' complaints. We stand ready to discuss potential resolution of your clients' claims if you provide more information about them. As you know, Section 12.1 of the EULA requires persons asserting disputes to provide "a description of the Dispute . . . and what resolution to the Dispute is being sought."

If Epic Games has indeed located the correct accounts for your clients, there is one other fact of which I should make you aware: None of the three accounts show purchases made from Epic Games. The accounts made purchases from third-party platforms like the PlayStation Store. Those transactions are with the platform operators. Epic Games is not a party to the transactions and has only limited information about them. (Epic Games' role is only to add the relevant entitlements to an account upon being electronically instructed to do so by the third-party platform.) Any refund-related claim pertaining to those purchases would have to be made to the part(ies) with which your clients transacted, not Epic Games.

I look forward to receiving this additional information from you and to continuing the conversation about resolving your clients' disputes.

Thank you, and best regards,

Jeff Jacobson

**Jeffrey S. Jacobson**
Partner
Pronouns: he/him/his
jeffrey.jacobson@faegredrinker.com
Connect: vCard

+1 212 248 3191 direct

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036, USA

# EXHIBIT C



January 15, 2025

**VIA FEDERAL EXPRESS**

RECEIVED

JAN 2 7 2025

Epic Games, Inc.
Legal Department
ATTN: ARBITRATION OPT-OUT
Box 254
2474 Walnut Street
Cary, North Carolina 27518, U.S.A.

Epic Legal Department

### RE: Notice of Opt-Out of Arbitration and Class Action Waiver Provisions of Epic's Fortnite End User License Agreement

To whom it may concern,

The Meadow Law Firm LLC ("Meadow") represents the individuals and families listed on the attached Exhibit A ("Clients").[1] We are writing to provide you with written notice that every person listed on Exhibit A (including each person's minor children within their respective household, whether separately named or not) is opting out of paragraph 12 of your December 17, 2024 End User License Agreement ("Agreement") related to binding individual arbitration and class action waiver, pursuant to paragraph 12.6 of that Agreement.

Pursuant to paragraph 12.6 of the Agreement, Exhibit A contains the following information for each Client/Family: Name, Address, and Account Name. Additionally, consistent with paragraph 12.6, each Client/Family listed on Exhibit A states that they do not wish to resolve disputes with Epic through arbitration.

Please be advised that this Notice of Opt-Out applies to all Epic accounts and account names associated with Meadow's Clients/Families, regardless of whether we have accurately spelled or provided all of the account names that are associated with these Clients. Additionally, this Notice of Opt-Out applies to all future End User License Agreements that Epic may issue and that Meadow's Clients may otherwise accept.

Please be advised that Meadow's Clients – minor children or those who began playing Fortnite as minor children – could not and did not enter into any contract with Epic through the current or prior iterations of its End User License Agreement. Alternatively, Meadow's Clients hereby disaffirm and thereby render void contractual provisions contained within Epic's End User License Agreements, including binding individual arbitration and class action waiver provisions, that were entered into while Meadow's Clients were minors. Moreover, Epic's End

---

[1] The Meadow Law Firm only represents parents/guardians in their representative capacity on behalf of their minor children.



User License Agreements and the arbitration and class action waiver provisions contained therein are unenforceable as they are unconscionable contracts of adhesion.

Sincerely,

**The Meadow Law Firm LLC**

The Meadow Law Firm LLC
Exhibit A



S    Sirreon Goodson Sr    @s

Confidential
Confidential