1  **THE HODA LAW FIRM, PLLC**
   Marshal Hoda
2  TX Bar No. 24110009 (admitted *pro hac vice*)
   3120 Southwest Fwy
3  Ste 101 PMB 51811
   Houston, TX 77098
4  Telephone: (832) 848-0036
   marshal@thehodalawfirm.com
5
   **FITZGERALD MONROE FLYNN PC**
6  Jack Fitzgerald
   CA Bar No. 257370
7  2341 Jefferson Street, Suite 200
   San Diego, California 92110
8  Telephone: (619) 215-1741
   jfitzgerald@fmfpc.com
9
   *Attorneys for Plaintiffs*
10

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G., by and through their guardian SIRREON GOODSON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>EPIC GAMES, INC.,<br><br>   Defendant. | Case No. 3:25-cv-2254<br><br>**PLAINTIFF'S OPPOSITION TO EPIC GAMES, INC.'S MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA**<br><br>Date:  July 1, 2025<br>Time:  10:00am<br>Court:  Courtroom 15, 18th Floor<br>Judge:  Hon. Rita F. Lin |

# TABLE OF CONTENTS

I.    Introduction .................................................................................................................... 4

II.   Facts ............................................................................................................................... 4

III.  Argument ....................................................................................................................... 5

    A.    Motion to Compel Arbitration ............................................................................. 5

        1.    The existence of an agreement to arbitrate is a question for the Court. ................................................................................................. 6

        2.    S.G. cannot be forced into an arbitration he did not agree to. .................. 7

    B.    Motion to Transfer ............................................................................................... 9

        1.    The motion to transfer fails for the same reasons. .................................... 9

IV.   Conclusion ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Angelilli v. Activision Blizzard, Inc.*,
   No. 23-CV-16566, 2025 WL 524276 (N.D. Ill. Feb. 18, 2025) .................................................9

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986)...................................................................................................................4

*Buckner v. Tamarin*,
   98 Cal. App. 4th 140 (2002) ......................................................................................................7

*Coinbase, Inc. v. Suski*,
   144 S. Ct. 1186 (2024)...............................................................................................................6

*Driskill v. Experian Info. Sols., Inc.*,
   753 F. Supp. 3d 839 (N.D. Cal. 2024) .......................................................................................7

*Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*,
   145 F.3d 505 (2d Cir. 1998).....................................................................................................10

*Hansen v. LMB Mortg. Servs., Inc.*,
   1 F.4th 667 (9th Cir. 2021) ........................................................................................................7

*I.B. ex rel. Fife v. Facebook, Inc.*,
   905 F. Supp. 2d 989 (N.D. Cal. 2012) .......................................................................................4

*In re StockX Customer Data Sec. Breach Litig.*,
   19 F.4th 873 (6th Cir. 2021) ......................................................................................................9

*Johnson v. Activision Blizzard, Inc.*,
   No. 3:24CV00026 JM, 2025 WL 679033 (E.D. Ark. Mar. 3, 2025).........................................9

*K.F.C. v. Snap Inc.*,
   29 F.4th 835 (7th Cir. 2022) ......................................................................................................9

*Knutson v. Sirius XM Radio Inc.*,
   771 F.3d 559 (9th Cir. 2014) ..................................................................................................6, 7

*N.A. v. Nintendo of Am. Inc.*,
   No. 23-CV-02424-DMR (N.D. Cal. Dec. 11, 2023)................................................................6, 9

*Orellana v. Roblox Corp.*,
   No. 6:24-CV-762-JSS-RMN, 2025 WL 694428 (M.D. Fla. Mar. 4, 2025) ..............................9

*S.T.G. by & through Garcia v. Epic Games, Inc.*,
   752 F. Supp. 3d 1200 (S.D. Cal. 2024) ..................................................................................7, 8

*Three Valleys Municipal Water District v. E.F. Hutton & Co., Inc.*,
    925 F.2d 1136 (9th Cir. 1991) ............................................................................................... 6

## I. INTRODUCTION

Epic Games, Inc. ("Epic") seeks to compel Plaintiff S.G., a minor child, into binding arbitration. But "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[1] But Epic has failed to show that S.G. agreed to arbitrate. In fact, Epic's *own evidence* shows that the contract it relies on was with S.G.'s father, not S.G. There is, therefore, no agreement with S.G. to arbitrate—and Epic's attempt to force arbitration on this minor child must fail.

## II. FACTS

The plaintiff, S.G., is a minor suing through his father, Mr. Sirreon Goodson.[2] S.G. brings class-action claims against Epic arising from its use of deceptive countdown timers in the "Item Shop" of its popular videogame, Fortnite.[3] S.G. purchased numerous items in the Item Shop, including items advertised with deceptive countdown timers.[4] In this suit, S.G. brings claims under North Carolina and California consumer-protection and false-advertising statutes on behalf of a nationwide class and a California subclass.[5] In the instant Motion, Epic seeks to compel this suit to arbitration or transfer it to North Carolina under the Fortnite End User License Agreement ("EULA").[6]

S.G. is under 13 years old and resides with his father, Mr. Sirreon Goodson, in California.[7] S.G. made the purchases at issue in this suit from his California home.[8] S.G. played Fortnite using his father's account, which Mr. Goodson created using his own birth date and email address.[9] Mr. Goodson shared this

---

[1] *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).

[2] Dkt. 1, Complaint ("Compl."), ¶ 6. Sirreon Goodson is acting as S.G.'s *guardian ad litem* in this suit. A *guardian ad litem* "is not a party to the action; instead he or she is a representative of record of a party who lacks the capacity to sue." *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1004 (N.D. Cal. 2012).

[3] Compl., ¶¶ 3 – 5 (summarizing allegations).

[4] Compl., ¶ 26.

[5] Compl., ¶¶ 41 – 73, 27 – 28.

[6] Dkt. 23, Defendant Epic Games, Inc.'s Notice of Motion and Motion to Compel Arbitration or, in the Alternative, to Transfer to the Eastern District of North Carolina (the "Motion"), *passim*.

[7] Ex. A, Declaration of Sirreon Goodson ("Goodson Decl."), ¶ 2.

[8] Goodson Decl., ¶ 4.

[9] Goodson Decl., ¶ 3.

account with S.G.[10] The Item Shop purchases at issue in this suit were made using Mr. Goodson's account, but were paid for with S.G.'s own money.[11]

Epic's own evidence confirms the relevant Epic account was created by Mr. Goodson. In correspondence with S.G.'s counsel, which Epic has submitted in support of its Motion, Epic's attorney says Epic used information provided by S.G. to "locate an account it believes may be associated with <u>Mr. Goodson</u>."[12] This correspondence noted that when this account was created, "the person who created [it] entered a birth date showing that person to be an adult."[13] Epic's representative said he was "confident" this was the account associated with the information S.G.'s counsel had provided.[14] The EULA Epic attached to its Motion bears no signature, and Epic has provided no user-authentication or other information suggesting it was agreed to by anyone other than Mr. Goodson.[15]

### III. ARGUMENT

Epic asks the Court to compel S.G. to arbitrate his claims or, in the alternative, to transfer this case to the Eastern District of North Carolina. Epic's basis for both of these requests is the Fortnite EULA, to which it claims S.G. agreed. Because Epic has failed to meet its burden to demonstrate S.G. in fact agreed to the EULA, however, both its requests must fail.

**A.     *Motion to Compel Arbitration***

On a motion to compel arbitration, the moving party bears the burden of proving the existence of an agreement to arbitrate on a summary-judgment standard.[16] Epic has failed to carry this burden, and the

---

[10] Goodson Decl., ¶ 3.

[11] Goodson Decl., ¶ 4.

[12] Dkt. 23-2, Declaration of Paul A. Rosenthal ("Rosenthal Decl."), Ex. B, p. 9 (emphasis added).

[13] Rosenthal Decl., Ex. B, p. 10.

[14] Rosenthal Decl., Ex. B, p. 9.

[15] Dkt. 23-1, Declaration of Joshua D. Shaw ("Shaw Decl."), *passim* (failing to provide any evidence that the EULA was agreed to by S.G.).

[16] *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (noting that district courts "rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure" in deciding motions to compel arbitration).

Court's inquiry need go no further. The litany of cases Epic cites concerning *disaffirmance* of arbitration agreements have no bearing.[17]

### 1. The existence of an agreement to arbitrate is a question for the Court.

The Federal Arbitration Act "reflects the fundamental principle that arbitration is a matter of contract."[18] In deciding whether to compel arbitration under the FAA, "the basic role for courts is to determine (1) whether a valid agreement to arbitrate *exists* and, if it does, (2) whether the agreement encompasses the dispute at issue."[19] As Epic's cited cases recognize, "a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate."[20] "Only a court can make that decision."[21]

The party seeking to compel arbitration "has the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence."[22] Courts construe all facts and reasonable inferences that can be drawn from those facts in the light most favorable to the non-moving party.[23] The court's order on a motion to compel arbitration "is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate."[24]

---

[17] S.G. reserves his right to disaffirm or argue that he previously disaffirmed any agreement with Epic in arbitration or any other future proceeding.

[18] *Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1192 (2024).

[19] *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 – 65 (9th Cir. 2014) (emphasis added) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.2000)).

[20] *N.A. v. Nintendo of Am. Inc.*, No. 23-CV-02424-DMR, at *4 (N.D. Cal. Dec. 11, 2023) (quoting *Three Valleys Municipal Water District v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140 – 41 (9th Cir. 1991)).

[21] *Three Valleys*, 925 F.2d at 1141 (collecting numerous appellate decisions).

[22] *Knutson*, 771 F.3d at 565.

[23] Hansen, 1 F.4th at 670; *see also Driskill v. Experian Info. Sols., Inc.*, 753 F. Supp. 3d 839, 841 (N.D. Cal. 2024) ("When evaluating a motion to compel arbitration, courts apply a standard similar to a motion for summary judgment, construing all facts and reasonable inferences in a light most favorable to the non-moving party.").

[24] Hansen, 1 F.4th at 670 (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 n.9 (3d Cir. 1980), *abrogated on other grounds by Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 287–88 (3d Cir. 2017)).

**2.     S.G. cannot be forced into an arbitration to which he did not agree.**

Federal courts "appl[y] ordinary state law principles to determine whether a valid contract to arbitrate exists."[25] Under California law, "[g]enerally speaking, one must be a party to an arbitration agreement to be bound by it."[26] Because Epic has submitted no evidence that S.G. is himself a party to the EULA, its Motion must fail.

The Southern District of California's decision in *S.T.G.* is directly on point.[27] There, seven minor plaintiffs sued Epic by and through their respective parents as *guardians ad litem*.[28] Epic moved to compel arbitration of their claims under the same EULA at issue here.[29] In opposition, six of the seven plaintiffs asserted they had *disaffirmed* the EULA, but did not dispute that they had personally accepted the agreement.[30]

In contrast, the seventh plaintiff—proceeding under the moniker E.V.A.—argued she "was never a party to [the Fortnite] EULA because she used an Epic Games account created by her mother, rather than creating her own account."[31] And E.V.A.'s mother submitted a declaration saying her child "has played Fortnite using an account that I set up with my email address."[32] Epic failed to adduce evidence that E.V.A. had herself agreed to the EULA.[33] As to the six plaintiffs who did *not* dispute they had agreed to the EULA, but instead raised disaffirmation defenses, the court ruled that the scope and validity of their disaffirmance was a question for arbitration. But as to E.V.A.—who, like S.G., disputed the very *existence* of an arbitration

---

[25] *S.T.G. by & through Garcia v. Epic Games, Inc.,* 752 F. Supp. 3d 1200, 1205 (S.D. Cal. 2024) (citing *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093-92 (9th Cir. 2014)).

[26] *Buckner v. Tamarin*, 98 Cal. App. 4th 140, 142 (2002) (citation omitted).

[27] *S.T.G.*, 752 F. Supp. at 1200.

[28] *Id*. at 1212.

[29] *Id*. at 1203–04.

[30] *Id*.

[31] *Id*. at 1204.

[32] *Id*. at 1212.

[33] *Id*.

agreement—the court concluded that Epic had *not* established "an adequate basis for compelling [her] to arbitrate under the EULA."[34]

S.G.'s situation here is indistinguishable from E.V.A.'s. S.G. has sued Epic with his parent as *guardian ad litem*, just as E.V.A. did.[35] Mr. Goodson has submitted a declaration stating that *he* created the relevant account using his email address, just as E.V.A.'s mother did.[36] And Epic has failed to show that S.G. himself agreed to the EULA, just as it failed to do with E.V.A.[37] The record here is in fact *weaker* for Epic than it was in *S.T.G.*, because Epic's own evidence shows the relevant account was in fact created by Mr. Goodson, not S.G.[38]

In its Motion, Epic notes the *S.T.G.* court ordered the plaintiffs who did *not* dispute that they had agreed to the Fortnite EULA to arbitration.[39] But this only highlights that Epic's reliance on *S.T.G.* and similar cases is misplaced. Epic cites a litany of cases that involved *only* disaffirmation defenses—*not* questions concerning contract formation.[40] Here, S.G. does not raise a disaffirmation defense (now), but instead challenges Epic's evidence of contract formation. The line of cases Epic cites is therefore inapplicable. Accordingly, because Epic's Motion offers only evidence that *Mr. Goodson* created an Epic account, and Epic does not argue an agreement to arbitrate between *Mr. Goodson* and Epic is sufficient to establish an agreement to arbitrate between *S.G.* and Epic, its attempt to compel S.G. to arbitration fails.

---

[34] *Id.*

[35] Goodson Decl., ¶ 1.

[36] Goodson Decl., ¶ 3.

[37] Shaw Decl., *passim* (failing to adduce evidence that S.G. agreed to EULA).

[38] Rosenthal Decl., Ex. B, p. 9 (noting that "Epic Games used other information you provided to locate an account it believes may be associated with Mr. Goodson," and that when this account was created, the person who created it "entered a birth date showing that person to be an adult").

[39] Motion at p. 6, 9, 10, 13 (citing *S.T.G.*).

[40] *Nintendo of Am. Inc.*, No. 23-CV-02424-DMR, at *4 (compelling arbitration where minor plaintiff "d[id] not dispute that he accepted the User Agreement," but instead "contend[ed] that he disaffirmed [it]"); *K.F.C. v. Snap Inc.*, 29 F.4th 835, 837 (7th Cir. 2022) (compelling arbitration where minor plaintiff "acknowledge[d] that she accepted the[] terms" and raised disaffirmation defense); *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 882–23 (6th Cir. 2021) (same); *Johnson v. Activision Blizzard, Inc.*, No. 3:24CV00026 JM, 2025 WL 679033, at *3 (E.D. Ark. Mar. 3, 2025) (same); *Orellana v. Roblox Corp.*, No. 6:24-CV-762-JSS-RMN, 2025 WL 694428, **7–8 (M.D. Fla. Mar. 4, 2025) (same); *Angelilli v. Activision Blizzard, Inc.*, No. 23-CV-16566, 2025 WL 524276, at **5–6 (N.D. Ill. Feb. 18, 2025) (same).

**B.     *Motion to Transfer***

**1.  The motion to transfer fails for the same reasons.**

In the alternative, Epic moves to transfer this matter to the Eastern District of North Carolina. Epic bases this request entirely on a forum-selection clause in the EULA. But Epic cannot rely on a contractual forum-selection clause to deprive the plaintiff of his choice of forum without first showing that a contract between itself and the plaintiff exists.[41] Epic's motion to transfer thus fails for the same reasons as its motion to compel arbitration.

### IV.  CONCLUSION

Epic's attempt to compel S.G. to arbitration is based in contract. So too is its attempt to deprive him of his choice of forum. But, because Epic has failed to carry its burden to prove the *existence* of the contract on which it relies, these efforts fall short. The Court should deny Epic's Motion in its entirety.

---

[41] *See Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505, 509 (2d Cir. 1998) (holding that "if no contract exists, the language of the forum-selection clause cannot logically deprive" the plaintiff of its choice of forum, and remanding to district court for findings regarding contract formation).

| | |
|---|---|
| Dated: June 10, 2025 | Respectfully Submitted, |

*[signature: M Hoda]*

_____

**THE HODA LAW FIRM, PLLC**
Marshal Hoda
TX Bar No. 24110009 (admitted pro hac vice)
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
Telephone: (832) 848-0036
marshal@thehodalawfirm.com

**FITZGERALD MONROE FLYNN PC**
Jack Fitzgerald
CA Bar No. 257370
2341 Jefferson Street, Suite 200
San Diego, California 92110
Telephone: (619) 215-1741
jfitzgerald@fmfpc.com

*Attorneys for Plaintiff*