**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
TREVOR M. FLYNN (SBN 253362)
*tflynn@fmfpc.com*
PETER GRAZUL (SBN 342735)
*pgrazul@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

**THE HODA LAW FIRM, PLLC**
MARSHAL HODA (admitted *pro hac vice*)
TX Bar No. 24110009
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
*marshal@thehodalawfirm.com*
Phone: (832) 848-0036

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G., by and through their guardian SIRREON GOODSON, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>EPIC GAMES, INC.,<br><br>　　　　　Defendant. | Case No. 3:25-cv-2254-RFL<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO EPIC GAMES INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Rita F. Lin |

## I.  BACKGROUND

In its Reply in support of its Motion to Compel Arbitration (the "Reply"), Epic Games, Inc. ("Epic") mischaracterized the evidence offered in support of its Motion and, in so doing, introduced a new argument. This new argument turns on a mischaracterization of the central evidence Epic offered in support of its Motion: the Shaw Declaration. In its Reply, Epic claims the Shaw Declaration "showed that, *at each purchase*, S.G. saw a screen" requiring him to accept the EULA. Reply at p.1 (emphasis added).[1] According to Epic, S.G. is therefore bound to arbitrate "[b]ecause S.G. *necessarily* completed this process with each purchase." *Id*. at p.2 (emphasis added). This is in marked contrast to Epic's Motion, which reflected what the Shaw Declaration *actually* says—that users are required to agreement to the EULA when they "enter[] a *method of payment* to make a purchase from the Fortnite Item Shop." Mot. at p.3 (citing Shaw Declaration and alleging that users must accept the EULA when they "enter[] a method of payment"). Using this sleight of hand, Epic's Reply argues—for the first time—that S.G. "could not have made" purchases from the Fortnite Item Shop "without personally accepting the EULA." Reply at p.1. That is wrong.

To correct this misstatement of the evidence, S.G. offers two Declarations. In the first, his guardian ad litem, Sirreon Goodson, confirms that each time a method of payment was entered to enable purchases related to the relevant Fortnite account, Mr. Goodson entered that method of payment himself—not S.G. Ex. 1, Goodson Declaration, ¶ 3. In the second, evidence is presented showing that after entering a payment method, users can purchase Epic's in-game currency and Item Shop items *without* agreeing to the EULA. Ex. 2, Cole Declaration, ¶¶ 1 – 8.

## II.  ARGUMENT

It is Epic's burden to establish that S.G., a minor child, agreed to the EULA. Epic has failed to carry its burden. With Epic's mischaracterization of the evidence corrected, the analogy between this case and *S.T.G. v. Epic Games* is clear. *See S.T.G. by & through Garcia v. Epic Games, Inc.*, 752 F. Supp. 3d 1200 (S.D. Cal. 2024). Here, just as in *S.T.G.*, a parent and child shared a Fortnite account. *Id*. at 1204. And here, just as in *S.T.G.*, Epic has failed to cite any evidence the *child* agreed to arbitrate. *Id*. As in *S.T.G.*, the Court should reject Epic's attempt to compel S.G. to arbitration here.

---

[1] It appears that Epic mistakenly filed its Reply twice on the public docket (Dkt. Nos. 27 & 28). "Reply" references both docket entries and treats them as the same.

1

*S.G. v. Epic Games, Inc.*, Case No. 3:25-cv-2254-RFL
PLAINTIFF'S SUR-REPLY IN OPPOSITION TO EPIC'S MOTION TO COMPEL ARBITRATION

### III. CONCLUSION

Because Epic has failed to carry its burden to prove the *existence* of the contract on which it relies, and because the new argument in its Reply does not compel a different result, its efforts to transfer this case or compel S.G. to arbitration fail. The Court should deny Epic's Motion in its entirety.

Dated: June 30, 2025

Respectfully Submitted,

/s/ Jack Fitzgerald

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
TREVOR M. FLYNN
*tflynn@fmfpc.com*
PETER GRAZUL
*pgrazul@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741

**THE HODA LAW FIRM, PLLC**
MARSHAL HODA
*marshal@thehodalawfirm.com*
3120 Southwest Fwy
Ste 101 PMB 51811
Houston, TX 77098
Phone: (832) 848-0036

***Counsel for Plaintiff***